G. M. Jackson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 89908.   Promulgated May 23, 1939.

*Frank Hempstead, Esq.*, and *Elmer M. Olson, Esq.*, for the petitioner.

*James C. Maddox, Esq.*, for the respondent.

## OPINION.

Hill: Respondent determined a deficiency in petitioner's income tax liability for the year 1933 in the amount of $1,736.11. The issue submitted for decision is whether or not respondent erred in taxing to petitioner the entire proceeds from the sale of certain stock, not shown to have had any cost basis, where petitioner transferred the stock at $1.20 per share to a corporation of which he was the sole stockholder and the corporation shortly thereafter sold the stock for $3.50 per share.

Petitioner is an individual, who during the taxable year was residing in New York and was employed as sales manager by Alco Products, Inc. The capital stock of this corporation consisted of $500,000 of preferred stock, which was owned by the American Locomotive Co., and 100,000 shares no par value class B common stock. Petitioner owned 6,190 shares of Alco class B common stock, and all of the capital stock of the Jackson Engineering Corporation. On December 19, 1933, petitioner transferred to the last named corporation 5,190 shares of Alco class B common stock at $1.20 per share. During 1933 the Jackson Engineering Corporation was not actively engaged in business but was in the process of liquidation. It was wholly under the control and direction of petitioner.

The transfer of 5,190 shares of Alco stock to the Jackson Engineering Corporation was treated by petitioner as a sale, and the entire

proceeds at the rate of $1.20 per share in the amount of $6,228 petitioner reported as taxable income in his return for 1933.

On December 29, 1933, the Jackson Engineering Corporation sold 2,000 shares of Alco class B common stock to the American Locomotive Co. for $3.50 per share, and on January 5, 1934, sold to the same company at the same price 3,190 shares of such stock.

Respondent treated the sales by the Engineering Corporation as sales by petitioner, holding that the entire profit realized on the transaction was taxable to him, and accordingly increased the amount reported in petitioner's income tax return for 1933 by $11,937.

Petitioner had a contract with Alco Products, Inc., which gave the corporation an option to purchase his stock at $5 per share or book value, whichever was greater, upon termination of petitioner's employment prior to December 31, 1933. The contract further provided that if petitioner's employment was terminated after December 31, 1933, then the corporation should have the right to purchase the stock at a price per share of four times the average net earnings per year as shown by the books of the company on the aggregate number of shares of class B common stock then outstanding, computed for the two calendar years immediately preceding the year in which such termination of employment occurred, or book value, whichever was greater.

At December 19, 1933, petitioner had sustained losses during that year on sales of securities which were not capital assets, in the amount of $6,066.91, not offset by gains from like sales. This fact was known to petitioner, and such aggregate loss was in fact offset by the amount of $6,228 reported by petitioner in his income tax return for 1933 as gain derived from the sale of 5,190 shares of Alco stock to the Jackson Engineering Corporation.

At December 19, 1933, the Jackson Engineering Corporation had a loss sustained in that year sufficient to offset the profit on a large part of the 5,190 shares of Alco class B common stock, measured by the difference in the price of $1.20 per share fixed by petitioner, acting individually as seller and on behalf of his corporation as purchaser, and a sale price by the corporation of $3.50 per share; and this fact was also known to petitioner.

The facts in this case, we think, very clearly indicate that the transaction between petitioner and his corporation was not a *sale* of Alco stock. This conclusion does not rest upon the assumption that a sole stockholder can not under any circumstances make a valid sale of property to his corporation, but upon the evident lack of intention by petitioner to do so. It is quite obvious that he did not intend that the stock should become the property of the corporation for any business purpose. The corporation was not then carrying on the business for which it was organized, but was in process of liquidation.

It is significant that by selling 5,190 shares of Alco stock at $1.20 per share petitioner derived gain in the approximate amount of his loss on sales of non-capital assets in the taxable year and that such loss would otherwise have been unavailable for tax purposes. There is further significance in the fact that by routing the stock sale to the American Locomotive Co. through petitioner's wholly owned corporation an additional portion of the gain derived from such sale was also offset by losses sustained in the taxable year by the latter corporation. These losses could not otherwise have been availed of by the corporation. The gain realized on the sale of the entire 5,190 shares of Alco stock to the American Locomotive Co. exceeded the losses of the corporation for the taxable year 1933, computed without reference to such gain. However, notwithstanding that the American Locomotive Co. agreed on December 29, 1933, to purchase the entire block of 5,190 shares of stock at $3.50 per share, petitioner caused only 2,000 of such shares to be transferred to the locomotive company on that date and caused the corporation to transfer the remaining 3,190 shares to the locomotive company on January 5, 1934.

The losses of the Jackson Engineering Corporation for 1933 were sufficient to offset the gain on the 2,000 shares transferred in 1933. Whether the gain on the 3,190 shares transferred in the taxable year 1934 was offset by losses in that year the record does not disclose, but, as to the taxable year 1933, petitioner so handled the stock sale as to make available both his individual and his corporation losses to offset the profit returnable on the sale in that year.

Since the number of shares transferred by petitioner to his corporation at the price of $1.20 per share fixed by him and their transfer by the latter to the locomotive company at $3.50 per share produced a gain which substantially absorbed petitioner's and the corporation's losses in the taxable year, there would have been nothing to gain from a transfer by him of his remaining 1,000 shares of Alco stock through the Jackson Engineering Corporation to the American Locomotive Co., so he sold those shares direct to that company. Obviously it was not important to petitioner whether taxable gain was derived by his corporation or by himself individually, except as it affected his tax liability.

In the light of the foregoing facts, we must assume that petitioner intended to accomplish the results which normally and naturally flowed from his acts, and hence that his intention was not to make a sale of the stock to his corporation for a legitimate business purpose; the transfer plainly was only a device to escape tax. Cf. *Sydney M. Shoenberg*, 30 B. T. A. 659; affd., 77 Fed. (2d) 446. If petitioner had sold his stock to the locomotive company after first having transferred it to an employee or other dummy, the profit would nevertheless have been taxable to him.

While each case must stand on its own facts and be decided on the particular facts involved, both this Board and the courts generally have condemned "anticipatory arrangements" entered into solely for the purpose of diverting income to a controlled corporation in order to reduce or escape tax liability; and such arrangements must be disregarded for purposes of taxation. *Gregory* v. *Helvering*, 293 U. S. 465; *Steinberger* v. *United States*, 81 Fed. (2d) 1008; *Groves* v. *Commissioner*, 99 Fed. (2d) 179; *Commissioner* v. *Griffiths*, 103 Fed. (2d) 110; *Belle G. Loewenberg*, 39 B. T. A. 844.

Under the facts here and for the reasons above indicated, it is our opinion that form must give way to substance, and that the sales of Alco stock by the Jackson Engineering Corporation to the American Locomotive Co. must be regarded for tax purposes as if made directly by petitioner. We hold, therefore, that the profit derived is taxable to petitioner.

However, respondent erred in including in petitioner's gross income for 1933 the profit realized on the sale of 3,190 shares of Alco stock on January 5, 1934. Petitioner made his income tax returns on the basis of cash receipts and disbursements, and hence may not be taxed in 1933 on income derived from a sale in 1934. The deficiency will be redetermined accordingly.

Reviewed by the Board.

*Decision will be entered under Rule 50.*